UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIA IRELAND MEO, as Administrator ad Prosequendum for the Estate and Heirs-at-Law of BRADLEY IRELAND, deceased 371 Lincoln Ave. Rutherford, NJ 07070<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>APPLE, INC. 1 Infinite Loop Cupertino, CA 95014<br><br>　　　　　Defendant | CIVIL ACTION NO.:<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>COMPLAINT |

Plaintiff, Julia Ireland Meo, *Administrator ad Prosequendum*, by and through her undersigned counsel, Cozen O'Connor, hereby files this Complaint against Defendant Apple, Inc., and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Julia Ireland Meo, residing at 371 Lincoln Avenue, Rutherford, NJ 07070, as Administrator ad Prosequendum for the estate and heirs-at-law of Bradley Ireland, deceased, and, as such, is empowered by the Morris County Surrogate to bring the within action, including wrongful death and survivor's action claims.

2. Bradley Ireland left surviving him as his heirs-at-law, his daughter, Julia Ireland Meo and his son, Benjamin Ireland, who have sustained pecuniary damages from the death of Bradley Ireland.

3. Defendant herein, Apple, Inc. (hereinafter "Apple") is a corporation duly

1

organized and existing under the laws of the State of California with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014 and at all times material hereto, Apple was engaged in the business of, inter alia, designing, manufacturing, distributing, selling, and/or supplying multi-purpose tablets called "iPads," including distributing, selling and/or supplying such tablets in New Jersey.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000).

5. Venue in this action lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 as the events giving rise to this action occurred in this district.

## FACTS

6. At all times material hereto, the deceased, Bradley Ireland, lived in a rental apartment complex known as Colonial Heights Apartments, with respect to the real and personal property located at 300 Parsippany Road, Parsippany, New Jersey 07054 (hereinafter "the residence").

7. At all times material hereto, Bradley Ireland lived at the residence in unit 4F.

8. Prior to February 22, 2017, defendant Apple designed, manufactured, distributed, supplied and/or sold tablets, including a tablet located in the kitchen of unit 4F at the residence (hereinafter "the subject tablet").

9. On February 22, 2017, a fire originated at the residence.

10. The fire was caused by a defect in the subject tablet, specifically affecting

the subject tablet's battery pack.

11. The fire resulted in the severe injuries and subsequent death of the deceased, Bradley Ireland.

12. This action has been commenced within two (2) years after the death of Bradley Ireland.

## COUNT I – STRICT PRODUCTS LIABILITY

13. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as though fully set forth at length herein.

14. Defendant Apple designed, manufactured, distributed and/or sold the subject tablet, which was intended by the defendant to be used by members of the general public, including persons such as the decedent, Bradley Ireland.

15. Defendant Apple also designed, manufactured, distributed and/or sold certain "updates" to the subject tablet, which were intended by the defendant to be downloaded and/or installed in the subject tablet by members of the general public, including persons such as the decedent, Bradley Ireland.

16. The subject tablet was unreasonably dangerous and unsafe for its intended purpose by reasons of defects in its design and/or its manufacture and/or a lack of adequate warnings which existed when Defendant Apple placed the subject tablet into the stream of commerce and/or when Defendant distributed and/or sold the "updates" to the subject tablet.

17. The fire and the resulting death of the decedent, Bradley Ireland, was caused by the defectively designed and/or defectively manufactured subject tablet.

18. Defendant Apple designed, manufactured, distributed, supplied, and/or sold the subject tablet in a defective and unreasonably dangerous condition for which it is strictly liable pursuant to the Restatement (Second) of Torts § 402A and the New Jersey Products

Liability Act, N.J.S.A. 2A:58C-1 et. seq.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant Apple for such compensatory damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, the costs of this suit and attorney fees.

### COUNT II – WRONGFUL DEATH

19. Plaintiff repeats and incorporates by reference each of the foregoing paragraphs as though fully set forth at length herein.

20. Plaintiff claims all damages against Defendant Apple, jointly, severally and vicariously, in accordance with the New Jersey Wrongful Death Act, which is incorporated by reference herein. (N.J.S.A. 2A:31-1 *et seq.*).

21. Bradley Ireland died intestate and his beneficiaries are his children, Julia Ireland Meo and Benjamin Ireland.

22. Julia Ireland Meo and Benjamin Ireland and their beneficiaries, claim all damages as set forth in this Complaint in accordance with the New Jersey Wrongful Death Act.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant Apple for such compensatory damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, the costs of this suit and attorney fees.

### COUNT III – SURVIVAL ACTION

23. Plaintiff repeats and incorporates by reference each of the foregoing paragraphs as though fully set forth at length herein.

24. The decedent experienced significant pain and suffering, disability, impairment and loss of enjoyment of life's pleasures between the time of his burns on February 22, 2017

and his death on the same day.

25. Plaintiff claims damages against Defendant Apple herein, jointly, severally and vicariously in accordance with the New Jersey Survival Act, which is incorporated by reference herein. (N.J.S.A. 2A:15-3 *et seq.*).

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant Apple for such compensatory damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, the costs of this suit and attorney fees.

    Respectfully submitted,

    COZEN O'CONNOR, a Pennsylvania
    Professional Corporation

BY:   */s/ Martin P. Duffey, Esquire*
      Martin P. Duffey, Esq.
      Steven K. Gerber, Esq.
      457 Haddonfield Road, Suite 300 Cherry Hill, NJ 08002-2220
      856-910-5000
      mduffey@cozen.com
      sgerber@cozen.com

      *Attorneys for Plaintiff, Julia Ireland Meo as Administrator ad Prosequendum for the Estate and Heirs-at-Law of Bradley Ireland, Deceased*